UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-431-FDW
3:01-cr-78-FDW-5

| | |
|---|---|
| RICHARD SHAUN NEELY, | ) |
| | ) |
| Petitioner, | ) |
| v. | ) |
| | ) **ORDER** |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |
| | ) |

**THIS MATTER** is before the Court on an initial review of Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255. (Doc. No. 1). After reviewing the motion and the record in this matter, the Court finds that Petitioner's Section 2255 motion should be denied and dismissed.

**I. BACKGROUND**

On September 2, 2003, Petitioner was convicted of one count of conspiracy to possess with intent to distribute, and distribution of cocaine and cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1). (3:01-cr-78, Doc. No. 127: Judgment in a Criminal Case at 1). The Court noted the Government's filing of a Notice pursuant to 21 U.S.C. § 851 of its intention to seek a sentencing enhancement based on a prior drug conviction for possession of marijuana, in violation of Section 846, in Mecklenburg County Superior Court in 1995. (Doc. No. 49: Section 851 Notice).

On August 20, 2003, Petitioner appeared before the Honorable Graham C. Mullen and was sentenced to a 240-months for his conviction of violation of Sections 846 and 841(a)(1). Petitioner did not file an appeal from the criminal judgment or a motion under Section 2255 until

1

2012, or some nine (9) years after his conviction and sentence became final.

On July 16, 2012, Petitioner, proceeding pro se, filed the present Section 2255 motion contending that he is entitled to relief under a decision in United v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). Petitioner contends that the Fourth Circuit's holding in Simmons demonstrates that his prior drug conviction for possession of marijuana did not qualify him for a Section 851 sentencing enhancement because he did not receive an active term of imprisonment. (3:12-cv-431, Doc. No. 1 at 6).

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 to include a one-year statute of limitations period for the filing of a motion to vacate. The limitation period runs from the latest of,

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if

> that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2255(f)(1)-(4).

Petitioner contends that his Section 2255 motion is timely under Section 2255(f)(3) because it was filed within one year of the date the Fourth Circuit filed their decision in <u>United States v. Simmons</u>. (3:12-cv-431, Doc. No. 1 at 15).

In <u>Simmons</u>, the Fourth Circuit held that in order for a prior felony conviction to serve as a predicate offense [for either a crime of violence or a controlled substance offense], the individual defendant must have been convicted of an offense for which *that* defendant could be sentenced to a term exceeding one year. <u>Simmons</u>, 649 F.3d at 243 (emphasis added). In reaching this holding, the <u>Simmons</u> Court expressly overruled <u>United States v. Harp</u>, 406 F.3d 242 (4th Cir. 2005), which held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." <u>Id.</u> (quoting <u>Harp</u>, 406 F.3d at 246) (emphasis omitted). In the present case, the Court will assume for the purpose of the present motion only that based on his PSR, Petitioner was not sentenced for a drug offense for which he could have been subject to a sentence in excess of one year.

In the present case, a review of Petitioner's presentence report ("PSR") makes plain that Petitioner's argument is not supported by the record. In his PSR, the probation officer identified the conviction included by the Government in its notice of enhancement under Section 851. The PSR sets out a 1993 conviction for possession of marijuana for which Petitioner was sentenced

3

to 2-years imprisonment. This term was suspended and Petitioner was placed on 36-months probation. (3:01-cr-78, Doc. No. 178: PSR ¶ 34). Petitioner appears to argue that because he did not receive an active term of imprisonment, his prior marijuana conviction does not qualify under Simmons. However, this is not what the Court in Simmons held.

The question to be resolved by the sentencing courts in the first instance is whether an individual defendant could have been sentenced to a term in excess of one year for a prior controlled substance offense. The PSR in Petitioner's case simply forecloses his argument as he was convicted of a controlled substance offense and he was sentenced for that crime to a term in excess of one year. That he did not serve active time is of no consideration so long as he was sentenced to a term in excess of one year. Further, the Court notes that his federal sentence of 240-months, with or without consideration of the enhancement under Section 851, was well within that maximum as authorized by law. See 21 U.S.C. § 841(b)(1)(A) (upon conviction of a violation of Section 841(a), a defendant with no prior controlled substance offense is subject to a mandatory-minimum term of 10-years and not more than life) (emphasis added); see also 28 U.S.C. § 2255(a) (a defendant may attack his sentence when that sentence is in excess of that maximum as authorized by law).

### IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 motion is **DENIED** and **DISMISSED**. (Doc. No.1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner

must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

        Signed: October 17, 2012

        *[signature]*
        **Frank D. Whitney**
        **United States District Judge**